DAVID FESSLER, ADM'R, ETC., V. WILLIAM CROUSE, JR.

1. *Cross-Complaint in Suit by an Administrator.*—Where an administrator brings suit, and the defendant files a cross-complaint to recover notes actually held by the administrator, as such, the cross-complaint will be held to charge him as administrator, although it may name him only as an individual.

2. *Instruction.*—A harmless instruction will not reverse a cause, even if erroneous.

3. *Personal Judgment against an Administrator.*—In a suit by an administrator, no personal judgment can be rendered against him on a cross-complaint seeking the recovery of notes held by him as administrator. In such case no claim against him, personally, can constitute a proper counter-claim.

Filed April 25, 1881.

Appeal from Madison Circuit Court.

C. D. Thompson, for appellant.

Richard Lake, for appellee, cited Addison on Torts, § 471; *Wood* v. *Cohen*, 6 Ind. 455; *Robinson* v. *Skipworth*, 23 Ind. 311; *Farthington* v. *Tauge*, 15 Johns. (N. Y.) 431; Wait's Actions and Defenses, vol. 6, pp. 174, 175; *Bristol* v. *Burt*, 7 Johns. 254; Addison on Torts, vol. 1, p. 96, as to conversion and demand.

Opinion of the court by Mr. Justice Woods.

The appellant, as administrator of the estate of William Crouse, sued the appellee, as administrator *de son tort* of said estate, charging that the appellee wrongfully intermeddled, and, taking possession, converted a large part of the estate, consisting of money, promissory notes and other personal property, to his own use, to the damage of said estate in the sum of ten thousand dollars.

This complaint the appellee denied and filed a cross-complaint, wherein it was averred in substance that the deceased, in his lifetime, made a contract with the appellee, whereby the appellee undertook to nurse, board, wash and properly care for him as long as the said William Crouse should live, and after his decease defray the expenses of his funeral and pay all just debts; and in consideration therefor the appellee "was to have and receive all the estate the said William Crouse, deceased, owned or possessed," and that the deceased, in his life time, accordingly transferred, assigned and delivered to the appellee "all his property, moneys, choses in action and all that he was possessed of or should die seized of." That the appellee fully performed said contract on his part; that said decedent was the owner of and held sundry promissory notes, among which were four against appellant, amounting to $675, and of which copies could not be given because the same were in the possession of the appellant, all of which were due and unpaid. That said notes were wrongfully obtained and wrongfully detained from the appellee by said appellant. Wherefore, etc.

The appellant denied this cross-complaint, and the issues so joined were tried by a jury, on whose verdict the court gave judgment against the said David Fessler, and in favor of the appellee, for the sum of six hundred and seventy-five dollars.

The appellant has assigned for error:

1. That the cross-complaint does not state facts sufficient to constitute a cause of action.

2. The overruling of the motion of the appellant for a new trial.

3. The overruling of the appellant's motion in arrest of judgment.

Under the first and third assignment, the appellant contends that the matters alleged in the cross-complaint are not so connected with the cause of action set forth in the complaint as to constitute a cause for cross-complaint; that the plaintiff sues for a tort against the estate of the deceased in which the plaintiff had no interest except as a trustee, while the cross-complaint seeks to recover from the plaintiff certain notes which it is claimed he holds in his individual capacity and not as administrator; that there is no such mutuality as could make the cross-complaint sufficient, and therefore it does not state facts sufficient.

It is true that the cross-complaint names the appellant only as an individual and not in his trust capacity, but still it is apparent that if the appellant had possession of the notes referred to in the cross-complaint he had them in his character as administrator, and we may fairly hold that the cross-complaint charges him in that capacity; and if proven true on the trial it entitled the appellee to a judgment and order for the return of said notes to his possession. The demurrer was therefore properly overruled.

It is claimed that the first instruction of the court to the jury was wrong because it did not direct the jury to add ten per cent penalty as a part of the damages to be awarded to the plaintiff.

The instruction was right so far as it went; and if he desired it, the appellant should have moved for an instruction in reference to the penalty. Besides it is evident that the omission did the appellant no harm. The verdict of the jury was entirely against him, and nothing was found in his favor to which the penalty could have been added.

The second instruction is said to be erroneous in that it " states to the jury that the defendant has averred in his cross-complaint that the plaintiff wrongfully obtained the notes," etc.    It is suffi- cient to say that counsel has mistaken the fact.    The pleading does contain the averment.    This also disposes of the objection made to the third instruction.

It is objected to the fourth instruction that thereby the court attempted to create a set off where none was pleaded and that the instruction was wholly contrary to the evidence.    The court erred in giving this instruction.    It is to the effect that if the jury found something due the plaintiff on his complaint, and something due the defendant on his cross-complaint, they should deduct one sum from the other and give their verdict for the excess to the party en- titled thereto.    This was evidently upon the theory which we deem erroneous, that the appellee had a right, on his cross-complaint, if true, to a money judgment against the appellant; and in fact, as already stated, the verdict and judgment were so rendered.    The plaintiff sued as administrator, and the action was for the alleged unlawful intermeddling of the defendant with the estate and the conversion of the notes and other property thereof to his own use. Now, while we think it was competent for the defendant to show by way of counter-claim the fact set up in his cross-complaint, and ask a judgment thereon for the return of said notes to his posses- sion, it was not competent for him, in this action, to claim a per- sonal judgment against the appellant, either for the amount or value of the notes referred to.    The appellant held the notes as adminis- trator, and in the suit as brought, no claim against him personally could constitute a proper counter-claim, and a personal judgment thereon be properly rendered against him.

Judgment reversed with costs, and with instructions to grant a new trial.